UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 15-308** |
| **LEJEUNE HARRIS** | **SECTION: "H"** |

### ORDER

Before the Court is Defendant Harris's Motion for Compassionate Release in light of the COVID-19 virus outbreak at the Federal Correctional Institute in Oakdale, Louisiana ("Oakdale") where he is housed (Docs. 88, 95). Defendant asks this Court to temporarily release him to home confinement for the duration of the virus outbreak at the facility. The Government opposes Defendant's request (Doc. 99). This Court considers Defendant's Motion on an expedited basis.

Defendant is incarcerated at Oakdale, serving concurrent sentences of 240 months and 120 months for one count of conspiracy to distribute one kilogram or more of heroin and two counts of attempted possession with the intent to distribute one hundred grams or more of heroin. He is scheduled to be released on February 14, 2033. The Bureau of Prisons ("BOP") reports that as of April 28, 2020, 13 inmates and 16 staff members have tested positive for COVID-19 at Oakdale. Seven inmates have died.

Defendant notes that he has unspecified pre-existing health conditions. The Government notes that Defendant was placed in isolation on March 21,

2020 after his roommate tested positive for COVID-19. Defendant then began to experience symptoms including gastrointestinal discomfort and fatigue. On April 1, 2020, Defendant was tested for COVID-19 and on April 5, 2020, his results came back positive. He argues, therefore, that extraordinary and compelling reasons exist to modify his sentence.

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act ("FSA"), states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . .

Defendant has not applied for compassionate release through BOP, nor has he requested a modification to his term of imprisonment through BOP. Defendant, therefore, fails to satisfy the requirement that he either exhaust administrative appeals or wait 30 days after presenting a request to the warden before seeking judicial relief. Without evidence of either of these prerequisites for relief, the Court is unable to entertain the Motion before it.

> The administrative-exhaustion provision of the FSA . . . is set out in mandatory terms. . . . [T]he FSA does not grant this Court the

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the FSA have been met. This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the FSA due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements of the FSA.[2]

While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the FSA and can provide this Court with evidence of such.

Accordingly;

**IT IS ORDERED** that Defendant's Motion is **DENIED** as premature and subject to be re-urged once the requirements of 18 U.S.C. § 3582 are met.

New Orleans, Louisiana, on this 28th day of April, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] United States v. Jack Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020); *see also* United States v. John Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).