# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 15-308** |
| **LEJEUNE HARRIS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Harris's Motion for Compassionate Release (Doc. 111) in light of the Covid-19 virus outbreak at the Federal Correctional Institute in Oakdale, Louisiana ("Oakdale") where he is housed. Defendant asks this Court to temporarily release him to home confinement or, alternatively, to order that he be furloughed for the duration of the virus outbreak at the facility. The Government opposes Defendant's request. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant is incarcerated at Oakdale, serving concurrent sentences of 240 months and 120 months for one count of conspiracy to distribute one kilogram or more of heroin and two counts of attempted possession with the intent to distribute one hundred grams or more of heroin. He is scheduled to be released on February 14, 2033.

On April 17, 2020, this Court received a letter from Defendant's wife in which she outlined her fears for Defendant's health in light of the Covid-19

pandemic and requested that he be released to home incarceration. As Defendant was represented by counsel, this Court subsequently issued an order requiring Defendant's counsel to file a Motion for Compassionate Release under 18 U.S.C. § 3582 and stipulating the time by which the government was to respond. The parties filed as requested.[1] On August 28, 2020, this Court denied Defendant's requested relief as premature, finding that Defendant had yet to exhaust the administrative requirements of the 18 U.S.C. § 3582. In accordance with the Court's Order, on April 29, 2020, Defendant applied for compassionate release with the Bureau of Prisons ("BOP").[2] On June 1, 2020, BOP denied his request, finding that he did not meet the requirements for compassionate release.[3] Having now complied with the exhaustion requirements of 18 U.S.C. § 3582, Defendant's second Motion for Compassionate Release (Doc. 111) is properly before the Court.

In Defendant's second Motion for Compassionate Release, Defendant argues that his unspecified pre-existing health conditions, his prior Covid-19 diagnosis, and the ongoing health threat that Covid-19 presents to incarcerated individuals constitute extraordinary and compelling reasons to justify compassionate release. Defendant therefore requests that this Court grant his release to home confinement or, alternatively, provide him with a furlough during the pendency of the pandemic.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in

---

[1] *See* Docs. 95, 99.
[2] Doc. 114-1.
[3] *Id.*

18 U.S.C. § 3582."[4] Section 3582(c), as amended by the First Step Act ("FSA"), states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statements on compassionate release set forth facts that are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[5] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[6]  In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found

---

[4] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).
[5] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[6] Id.

that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[7]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[7] *Id.*

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[8]

## LAW AND ANALYSIS

As mentioned above, Defendant has exhausted the § 3582(c) requirements to bring a motion for compassionate release before this Court. Accordingly, Defendant's Motion is properly before this Court. Considering Defendant's request on its merits, however, his Motion fails.

Defendant moves for compassionate release in response to the Covid-19 pandemic. To succeed on a motion for compassionate release, Defendant must show extraordinary and compelling reasons. Defendant states that he suffers from a "host of health problems,"[9] but Defendant fails to provide this Court with any evidence of such conditions. The medical records provided by the Government do evidence some underlying conditions,[10] but none of the referenced conditions are sufficiently serious to warrant release.[11]

---

[8] U.S.S.G. 1B1.13.

[9] Doc. 111 at 2.

[10] BOP medical records list the Defendant's history of "Health Problems" as including: shingles, anemia, hyperlipidemia, gastritis without bleeding, unspecified osteoarthritis, sciatica, unspecified pain of neck and back, and Covid-19. Doc. 114-3 at 85. In a request to medical staff, Defendant noted a prior neck surgery in 2015. Doc. 114-4 at 178. There is also evidence that Defendant has a history of hypertension. Doc. 114-4 at 7, 52.

[11] The Centers for Disease Control ("CDC") defines individuals with the following conditions as those at an increased risk for severe illness from Covid-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, heart conditions, immunocompromised state, obesity, sickle cell disease, smoking, and type 2 diabetes mellitus. Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness, available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 8, 2020).

Additionally, Defendant argues that his prior diagnosis of Covid-19 qualifies him for compassionate release. Defendant began showing symptoms of Covid-19 on March 22, 2020, was tested for Covid-19 on April 1, 2020, and received a positive result on April 5, 2020.[12] BOP placed Defendant in isolation for monitoring. Defendant's primary Covid-19 related symptom was gastrointestinal upset, for which he was prescribed medication.[13] Defendant was also administered an electrocardiogram to rule out any cardiac causes for his symptoms.[14] On April 14, 2020, after days without any medical complaints from Defendant and after finding his symptoms "significantly improved," Defendant was released from isolation back into the general population.[15]

Over the last few months, Defendant has continued to complain of shortness of breath, sleeplessness, dizziness, gastrointestinal discomfort, and eye irritation.[16] Defendant has been seen frequently by medical professionals to address his concerns and provide treatment.[17] Physicians performed diagnostic tests to address Defendant's complaints and subsequently diagnosed Defendant with anxiety disorder and Helicobacter Pylori ("H. Pylori").[18] As of September 10, 2020, the most recent report provided to the Court, the Defendant was continuing to receive frequent psychological and physiological evaluations and treated accordingly.[19] As Defendant has not explained how his prior Covid-19 diagnosis exacerbates his risk of future exposure or provided evidence that he is receiving inadequate medical

---

The CDC lists hypertension among the diseases that *might* put an individual at an increased risk for severe illness from Covid-19. *Id.*

[12] Doc. 114-3 at 67, 90.

[13] *See id.* at 27, 30, 56–67.

[14] *Id.* at 27.

[15] *Id.* at 8.

[16] Doc. 114 at 4; Doc. 114-4 at 163–179.

[17] *See* Doc. 114-4.

[18] *See id.*

[19] *See id.* at 1–10.

treatment for symptoms related to his previous exposure, this Court does not find that Defendant's Covid-19 diagnosis creates a compelling reason to warrant his release.

The Centers for Disease Control has identified persons over 65 years old as being at a higher risk for serious illness; yet Defendant is only 47 years old.[20] "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23."[21]  Accordingly, his request is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.


New Orleans, Louisiana, on this 9th day of October, 2020.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited October 8, 2020).

[21] United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020); United States v. Martinez Hernandez, No. 3:19-CR-346-K, 2020 WL 1876102, at *3 (N.D. Tex. Apr. 14, 2020) ("[R]equests for release in light of the COVID-19 pandemic have been considered under the 'compelling reason' prong of § 3142(i). The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong, and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." (internal citation omitted)) (and cases cited therein).